UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                                                  No. 25-CR-879 JB

HERIBERTO SALAZAR-AMAYA et al,

    *Defendants*.

## DEFENDANT KAITLYN YOUNG'S RESPOSNE IN OPPOSITION TO THE UNITED STATES' MOTION TO DECLARE THE CASE COMPLEX (DOC. 153)

    The United States moved for an Order to declare this case complex on May 13, 2025. (Doc. 153) However, neither the Indictment nor the discovery provided by the Government reveals how Ms. Young is tied to the alleged multi-state conspiracy at all; to date, absolutely no evidence has been disclosed to link Defendant Young to the drug trafficking ring alleged in this Indictment. Given the absence of any evidence linking Ms. Young to the alleged conspiracy, the Government's request to declare this complex under the Speedy Trial Act should be denied as a matter of law to her.

### Factual Background

    The grand jury indicted Ms. Young on April 24, 2025; on May 1, 2025, U.S. Task Force Officers arrested her. (Docs. 26 and 77) A trial in this matter is currently set for June 23, 2025 (Doc. 193) While the Government has alleged that the discovery in this matter is complex, with 14 defendants spread across five states conducting drug trafficking and committing immigration offenses, they have provided no evidence that Ms. Young was involved in the multi-state conspiracy. Quite simply, Ms. Young is a United States citizen who was arrested in New Mexico based on isolated allegations of drug trafficking in the state. (Doc. 77)

## Legal Argument

Courts can suspend the Speedy Trial Act by declaring a case complex when:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act].

18 U.S.C. § 3161(h)(7)(B)(ii).

Ms. Young concedes that this case has many defendants, but to date there is no evidence that she knows the defendants, that she was involved in drug trafficking alleged in Counts 1, 2 & 3, that she was aware of or knew about any activity drug trafficking activity outside the state of New Mexico, or that she was even aware of a large multi-state drug trafficking organization conspiracy. As for the prosecution's disclosed wire taps, to date undersigned counsel can find no reference to Ms. Young despite her best attempts to locate any mention of Ms. Young. Undersigned counsel has conferred with other defense attorneys about the discovery, and she is not aware that anyone has found a reference to Ms. Young in the discovery. At this juncture, it appears that Ms. Young played no role the in the alleged conspiracy case for which the United States seeks a complex designation.

At this juncture, the Government has the burden to establish why the case against Ms. Young is "more complex than the garden-variety" cases charged in district court in order to waive her speedy trial rights and declare her case complex. *See United States v. Loera*, 2015 WL 13662859, at 7 (D.N.M. May 19, 2015). The Government has not produced evidence that she was involved in a garden-variety felony, much less a sophisticated, multi-state trafficking ring. To declare the case complex against her now is premature. At the very least, the Court should require the Government to produce evidence linking Ms. Young to a larger multi-state conspiracy before suspending her right to a speedy trial in a complex case designation. In the light most favorable to the Government, perhaps there may be some modicum of evidence that

she participated in a drug trafficking event. But such conduct, standing alone, is not evidence that she participated in a wide ranging, multi-state drug trafficking conspiracy. *See United States v. Small*, 423 F.3d at 1182 ("a single conspiracy does not exist solely because many individuals deal with a common central player . . . [w]hat is required is a shared, single criminal objective, not just similar or parallel objectives between similarly situated people" (quoting *United States v. Evans*, 970 F.2d at 670)).

## Conclusion

The Government's motion should be denied as to Ms. Young, or in the alternative, the Court should order the Government to produce evidence demonstrating that Ms. Young entered an agreement that shared the alleged multi-state conspiracy as detailed in the indictment.

Respectfully submitted:

ROTHSTEIN DONATELLI LLP

By: /s/ *Carey C. Bhalla*
CAREY C. BHALLA
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
cbhalla@rothsteinlaw.com
*Attorney for Defendant Young*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of May 2025, I filed this pleading electronically through the CM/ECF system, which caused all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Carey C. Bhalla*
**ROTHSTEIN DONATELLI LLP**